UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EDUARDO RIVAS FERNANDEZ, individually and on behalf of all others similarly situated, § § § | § Docket No. 6:22-cv-00655-DDD-PJH § |
| Plaintiff, § | § Jury Trial Demanded § |
| vs. § | § Collective Action § |
| AUTOMATED CONTROLS AND POWER, LLC/ACP, LLC, § § | § § § |
| Defendants. § | § |

## CONSENT MOTION FOR APPROVAL OF
## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

Plaintiff, Eduardo Rivas Fernandez (Rivas Fernandez), along with the Opt-In Plaintiffs (Plaintiffs) file this Consent Motion for Approval of Confidential Settlement Agreement and Release and dismissal of Plaintiffs' claims against Defendants Automated Controls and Power, LLC and ACP, LLC (ACP) with prejudice. In support thereof, Plaintiffs would show this Court as follows:

**1.    Introduction.**

Plaintiffs seek Court approval of the Settlement Agreement, which has been filed into the record under seal. Doc. 20-1; Exhibit 1 (under seal). The Parties' settlement covers Rivas Fernandez and the 34 Opt-in Plaintiffs who were all employees ACP allegedly failed to pay proper overtime (the "Settlement Class"). This settlement follows more than 3 years' worth of adversarial litigation, discovery, and negotiation. The Parties have negotiated a settlement that, if approved, will provide meaningful relief to the covered workers. The Court should now exercise its considerable discretion and approve the Settlement.

**2.    Background.**

While this action has only recently been transferred to this Court, it has been ongoing for several years. It originated in New Jersey in 2018 when a plaintiff named Ivan Ojeda filed a case against

1

Louis Berger and two of its subcontractors. *See Ojeda v. Berger Group (Domestic), Inc., et al.*, Case No. 2:18-CV-17233(KM)(JBC) (D.N.J. Dec. 24, 2018) at Dkt. No. 1. Ojeda amended his Complaint to add ACP and other subcontractors as defendants. *Id.* at Dkt. No. 50. After initial motions to dismiss by several defendants, the plaintiffs sought and obtained permission to amended the complaint again, this time adding a named plaintiff for every defendant, including Rivas Fernandez. *Id.* at Dkt. No. 195. These plaintiffs brought class and collective action claims on behalf of relief workers who were paid a day-rate or hourly rate plus fringe benefits by Louis Berger and its subcontractors. *Id.* at Dkt. No. 235. Specifically, Plaintiffs alleged Defendants failed to pay them overtime for hours worked in excess of forty during workweeks in violation of the Fair Labor Standards Act, Puerto Rico law, and U.S. Virgin Islands law; failed to pay daily overtime as required by Puerto Rico and U.S. Virgin Islands law; and violated other Puerto Rico and U.S. Virgin Islands wage laws. *Id.* The Defendants, including ACP, filed another round of dispositive motions. *Id.* at Dkt. No. 251.

After more than 300 filings and years of discovery regarding the contracts, work, and claims at issue, the Court ultimately granted the 12(b)(2) challenges to personal jurisdiction, but denied the 12(b)(6) motions to dismiss. *Id.* at Dkt. No. 321. Rather than dismissing the claims, the Court permitted the parties to transfer of the claims against various defendants to districts where personal jurisdiction could be asserted. *Id.* at Dkt. No. 322. In light of this order, the Parties here then agreed to transfer the claims against ACP to this Court. *Id.* at Dkt. No. 374. Rivas Fernandez filed the Complaint against ACP in this Court on March 8, 2022. Doc. 1.

Concurrently with the agreement to transfer, the Parties agreed to schedule a mediation in an effort to seek an early resolution of the disputed claims. To this end, the Parties engaged Mr. Robert David with Perry Dampf Solutions and conducted a full-day mediation. Mr. David is an experienced mediator who has handled FLSA litigation as an advocate. The case was settled with his aid and after the extensive litigation in the underlying case, exchange of pay records, extensive damage analysis, and

work by the Parties and their Counsel. Prior to settlement, the Parties worked together to resolve various complex, disputed issues, such as issues regarding damage calculations, statute of limitations for state law claims, and exemption defenses. And if the case were not settled, there would be extensive work to come, including dispositive motions, depositions, associated discovery disputes, and questions regarding applicability of the FLSA, good faith and willfulness, certification, and decertification. The Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and certainty of their damages

On May 19, 2022, the Parties filed a Joint Motion for Leave of Court to File Confidential Settlement Agreement and Release Under Seal. See Doc. 20. In this regard, the Parties sought leave of court to file the Confidential Settlement Agreement and Release under seal for this Honorable Court's consideration in connection with this Motion to Approve Settlement.

The Parties have reached a resolution after the production of extensive information and data, engagement in a full day mediation with extensive, arm's length negotiations between experienced legal counsel who have expertise in FLSA collective and class action litigation. Additionally, an experienced, neutral mediator with FLSA expertise was directly involved in the negotiation and settlement evaluation process. Disputed issues of fact and law were presented and assessed, and the Parties have reached terms that are reasonable and fair.

Rivas Fernandez, the Opt-in Plaintiffs, and ACP respectfully request that this Honorable Court approve their Agreement, approve Class Counsel's requested Fee Award and reasonable costs, and dismiss the Action with prejudice with all parties to bear their own respective costs, attorney's fees, and expenses.

**3.    Settlement Terms.**

The specific terms and conditions of settlement are reflected in the Confidential Settlement

3

Agreement and Release (the "Agreement") filed in the Civil Record under seal. *See* Doc. 20-1; Exhibit 1 (under seal). The Agreement provides the details concerning all aspects of resolution.

**4.     The Settlement Represents a Reasonable Compromise of this Litigation.**

The Parties seek this Honorable Court's approval of the Agreement, which represents a fair and reasonable compromise of a bona fide dispute concerning FLSA, Puerto Rico, and USVI claims. As a general rule in the Fifth Circuit, parties are free to compromise disputed FLSA claims by private agreement. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012).

Parties to FLSA litigation may seek court review and approval of FLSA collective actions under 29 U.S.C. §216. *See Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714 (E.D. La. 2008); *Lynn Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). In order to approve a settlement, the court determines whether or not the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Collins v. Sanderson Farms, Inc., supra; Lynn v. United States Department of Labor, supra.* It has been held that settlement is a preferred means of resolving litigation and there is a strong presumption in favor of finding a settlement to be fair. *See Williams v. First National Bank*, 30 S.Ct. 441 (1910); *Mid-south Towing v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004).

   **a.  A Bona Fide Dispute Exists**

It is undisputed that a bona fide dispute exists as to the FLSA claims asserted by Rivas Fernandez and the Opt-In Plaintiffs. Rivas Fernandez alleged he was initially paid a flat day rate, regardless of the number of hours worked, that he customarily worked 12 or more hours a day, and was not paid overtime for hours worked over 40 in a workweek. Doc. 1. He also contends he was sometimes allowed one lunch break but no other breaks. *Id.* While Rivas Fernandez was later paid "hourly" for his work, but he was required to clock 12 hours each day. Rivas Fernandez alleged he was still being paid a day rate. This was one of the Parties' primary disputes. Further, when he was

4

paid "hourly", his "fringe" pay was not included in his regular rate. *Id.* His paychecks therefore did not include all remuneration into calculating the overtime that he should have received. *Id.* His Complaint thus alleges multiple violations of state and federal wage laws. "Applicable jurisprudence instructs disputes between an employer and employees regarding hours worked or compensation owed constitute bona fide disputes under the FLSA. This case presents just such a dispute; centering on compensation due plaintiff by defendant employer." *Venable v. Am. Consulting & Testing Inc.*, No. 6:20-CV-01232, 2022 WL 595738, at *2 (W.D. La. Feb. 25, 2022) (Hanna, MJ), *adopted*, 2022 WL 741698 (W.D. La. Mar. 10, 2022).

In addition to the core dispute regarding wages, the Parties dispute whether Rivas Fernandez and Opt-In Plaintiffs were independent contractors and not privy to the overtime requirements of the FLSA and state law and, therefore, whether they are even entitled to any additional wages and overtime compensation. There was also significant dispute regarding the applicable statute of limitations, particularly in regard to the laws of Puerto Rico. Courts considering this issue in nearly identical suits have found a one-year statute of limitations applies to the Plaintiffs' Puerto Rico law claims, and that the relation-back doctrine does not apply. *See Hernandez-Adorno v. LMD & Assc., LLC*, No. 2:21-CV-1519-DCN, 2021 WL 3472692, at *6 (D.S.C. Aug. 6, 2021). The Parties also had a bona fide and good faith dispute over the potential damages and amount of overtime hours worked, if any. After exchanging payroll information, the Parties analyzed damage calculations and other information. The Parties had vastly different views of the potential amount of back wages. They specifically had factual disputes over how many hours the Plaintiffs worked, total remuneration to be included in the overtime compensation, and the number or weeks Plaintiffs worked overtime. Resolving these factual disputes would have required extensive work and detailed and costly discovery. Both Parties had considerable risk, even assuming Plaintiffs could establish liability: Plaintiffs risked recovering nothing to minimal back pay and ACP risked a significant judgment, including attorney fees and liquidated damages.

The Parties have fully analyzed the pertinent factual and legal issues in this case and assessed the strengths and weaknesses of the claims and defenses at issue. The Agreement was reached after arm's-length negotiations and with the aid of a skilled and experienced mediator.

Had the Parties not reached the Settlement, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes including possible subpoenas to a substantial number of third parties, questions regarding applicability of the FLSA and Puerto Rico and USVI statutes, statute of limitations, good faith, willfulness, certification and decertification, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and uncertainty of their damages.

### b. Fair and Reasonable Resolution

The Agreement reached by the parties clearly presents a fair and reasonable resolution. The Agreement was negotiated by attorneys who have been prosecuting and defending FLSA claims throughout their careers and the firms and attorneys involved have significant experience in handling FLSA collective action litigation. In assessing the fairness and reasonableness of settlement, deference to experienced counsel who have negotiated and recommended settlement should be afforded. *See Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Collins v. Sanderson Farms,* 568 F.Supp.2d at 717. Additionally, resolution was reached through a comprehensive mediation process with an experienced FLSA mediator. Mr. David has litigated FLSA and wage class action cases, and this settlement was reached only after the Parties considered Mr. David's evaluation and recommendation. Mr. David recommended to the Parties that they should resolve this dispute based on the terms reached and it is his opinion that the Parties have reached a fair and reasonable resolution of a bona fide dispute. Moreover, the Agreement negotiated by the Parties is detailed and comprehensive.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

### 1. There was no fraud or collusion in arriving at the settlement.

The settlement is a product of the extended negotiations of the Parties, including arms-length negotiation through counsel and a full-day mediation. There was no fraud or collusion by any participant.

### 2. The case was settled after significant litigation and if not resolved, extensive litigation would follow.

This case was settled after substantial investigation and work by the Parties and their counsel. Prior to settlement and as confirmed through innumerable docket entries, the Parties worked together to resolve various complex, disputed issues. And if the case were not settled, there would be extensive work to come, including resolution of pending dispositive motions, and propounding and responding to discovery to and from ACP, Plaintiffs, and third parties, including Louis Berger. The Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and uncertainty of their damages. The work undertaken on behalf of Plaintiffs included:

- Investigation of ACP and its relationship to Louis Berger;
- Review of Department of Labor database and records, including the investigation conducted regarding Louis Berger and ACP's pay practices (Case ID is 1841216) which resulted in Louis Berger agreeing to pay more than $5,000,000.00 in back wages for it and the subcontractors.
- Interviewing numerous Opt-in Plaintiffs;

7

- Review of court records for similar or related relief worker cases and cases involving Louis Berger, ACP and the other subcontractors

- Review of legal authority, including court orders and administrative guidance, regarding legal issues before and during the course of the lawsuit;

- Motions practice totally nearly 400 entries in the underlying action;

- Drafting discovery and reviewing production including contracts, communications, payroll and time documents;

- Reviewing case law regarding employers utilizing disguised day rates and whether fringe benefits should be included in the regular rate of pay;

- Analyzing and processing data for Plaintiffs payroll, including creating a damage model for the data; and

- Negotiating and finalizing the Parties' Settlement Agreement and approval documents.

If the case were not settled, there would be extensive work to come, including additional written discovery to and from all Parties and associated discovery disputes, depositions, dispositive motions, and motions regarding applicability of the FLSA, Plaintiffs' damages, ACP's good faith and willfulness, certification and possible decertification. "Had a settlement not been consummated … this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to incur significant additional expense." *Price v. On Trac Inc.*, No. 6:17-CV-00519, 2018 WL 6804326, at *2 (W.D. La. Dec. 19, 2018), *adopted*, 2018 WL 6798195 (W.D. La. Dec. 26, 2018). In all, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and certainty of their damages.

### 3. The participants agree settlement is in the best interest of Plaintiffs and the class.

As reflected by their signatures on the Settlement Agreement, class representative Rivas Fernandez believes the settlement is in the best interest of the Settlement Class Members.

### c. The Court should allow a service award for Rivas Fernandez.

The terms of the settlement allow the Named Plaintiff (Rivas Fernandez) to receive a service award. This amount is intended to recognize Rivas Fernandez' efforts on behalf of the Plaintiffs by serving as class representative, responding to counsel's questions, providing documents, participating in settlement discussions, reviewing the settlement, and otherwise assisting counsel. Indeed, Rivas Fernandez took a substantial risk in bringing the claims relating to ACP alleged wage and hour violations. In doing so, Rivas Fernandez faced potential retaliation and blackballing from prospective employers who, by merely performing a quick Google search of his name, may quickly see he sued his former employer for back wages.

Courts routinely approve incentive awards to compensate class representatives for the services they provided and the risks they incurred during the course of the class action litigation. *See, e.g.*, *McClain v. Lufkin Ind., Inc.*, No. 9:97CV63, 2009 WL 5814124 at *4 (E.D. Tex. Dec. 22, 2009); *De Hoyos v. Allstate Corp.*, 240 F.R.D. 269 (W.D.Tex.2007); *Camp v. Progressive Corp.*, No. Civ. A. 01–2680, 2004 WL 2149079 (E.D.La. Sept.23, 2004); *Henderson v. Eaton*, No. Civ. A. 01–0138, 2002 WL 3145728 (E.D.La. Oct. 25, 2002). The proposed service award to Rivas Fernandez is reasonable and consistent with service awards approved by other courts, and ACP does not oppose this amount.

### 5. Attorney's Fees are Reasonable.

Plaintiffs' attorneys' fees are part of the bargained for settlement. The Parties agreed to set Class Counsel's fees at an amount equal to 40% of the Gross Settlement Amount and reasonable costs. *See* Doc. 20-1; Exhibit 1 (under seal). This is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the

9

settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate's modification to consent judgment because courts lack authority to modify a settlement agreement). The Supreme Court precedent not only permits, but also endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Recent FLSA authority suggests that when they do under circumstances that exist here, that should end the matter. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The Parties reached the agreed upon fee and to the extent approval is necessary, it should be given here.

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases. *Id.*

Regarding the time and efforts required of Class Counsel (factors 1 and 7), this matter has been pending for over three years. During this time, Class Counsel responded to and prepared a significant motions practice, conducted written discovery and depositions, attended a mediation, and

negotiated resolution. This represents a significant devotion of time to reach resolution for the claims of these ACP workers.

Second, the separately-negotiated, agreed contingency fee (factors 5, 6, and 10) in the agreement between Plaintiffs and Class Counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, courts in this District have consistently approved FLSA contingency fee arrangements of 40%, finding it to be fair and reasonable in light of the customary contingency fee arrangements in this community. *See, e.g.*, *Griffin v. Hunt, Guillot & Assoc.*, No. Case No. 3:20-cv-01189-TAD-KLH (March 3, 2022) at Doc. 66 (approving settlement that included attorney fees at 40%); *Boudreaux v. Schlumberger Tech Corp.*, No. 6:14-cv-02267-RRS-CBW (Aug. 30, 2019) at Doc. 464 (same); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.); *Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.).[1]

Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) is demonstrated by a history of success in large-scale wage and hour litigation. *See, e.g.*, *Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Indeed, this District has previously held that "class counsel's skill, knowledge, reputation and experience is well-recognized in FLSA cases such as this."

---

[1] *See also Whitaker v. BHP Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving 40% fee in FLSA settlement); *Whitlow v. Crescent Consulting, LLC*, No. 5:16-cv-01330, at ECF No. 189 (W.D. Okla. April 1, 2019) (same); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (same); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (same); *Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Sarabia v. Spitzer Industries, Inc.*, No. 4:17-cv-02092, at ECF No. 32 (S.D. Tex. May 24, 2018) (same).

11

*Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-CV-02567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018), *adopted,* No. 6:15-CV-02567, 2018 WL 2107798 (W.D. La. May 3, 2018); *see Venable*, 2022 WL 595738, at *3 ("This Court is satisfied counsel for the parties possesses the requisite skill and experience to assess the risks and potential outcomes of continued litigation and trial").

FLSA collective action cases such as this are the main focus of Class Counsel's docket. Although Class Counsel is based in Texas, both BRUCKNER BURCH PLLC and JOSEPHSON DUNLAP LAW FIRM have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in California, Colorado, Illinois, Louisiana, New Mexico, Ohio, Oklahoma, Pennsylvania, Virginia, West Virginia, Washington, Georgia, New Hampshire, Arizona, New York, New Jersey, Florida, North Carolina, South Dakota, Utah, and elsewhere. Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary to the successful prosecution of cases such as this. Indeed, as one court expressly noted, Class Counsel from Bruckner Burch are "**among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). In all, Class Counsel has secured hundreds of millions of dollars in settlements in FLSA cases for their clients. Further, Class Counsel's acceptance of this case (factor 4), and the considerable time that it has taken to work this case, has precluded time that they could have spent pursuing other matters.

Finally, the "most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because the Parties resolved their claims even whilst the underlying actions is proceeding in New Jersey. ACP vigorously contested Plaintiffs' claims and denied that Plaintiffs were improperly paid,

underpaid, or that any alleged damages are owed. Yet, as the Settlement Agreement reflects, the Settlement Collective Action Members are receiving a portion of their alleged back wages as a result of the settlement.

For these reasons, Plaintiffs believe a fee of 40% inclusive of costs is in line with the amount of fees approved in FLSA settlements and should be approved in this case. Class Counsel also seeks reimbursement of their advanced litigation expenses. For these and remaining costs, Class Counsel requests reimbursement of costs in the amount of $3,000.

**6. Conclusion.**

Rivas Fernandez submits that the Agreement represents a fair and reasonable resolution for a bona fide dispute under the FLSA. This resolution will eliminate risk to all Parties and will avoid extensive and protracted litigation that could have lasted for years.

Rivas Fernandez respectfully requests that this Honorable Court approve this settlement, including all terms as set forth in the Agreement, and that it dismiss the above-captioned lawsuit and all claims, with prejudice.

Respectfully submitted,

**By:** */s/ Richard M. Schreiber*
Michael A. Josephson
Texas Bar No. 24014780
Andrew Dunlap
Texas Bar No. 24078444
Richard M. Schreiber
State Bar No. 24056278
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

        AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

        **AND**

*/s/Kenneth W. DeJean*
**Kenneth W. DeJean**
Louisiana Bar Roll No. 4817
**Law Offices of Kenneth W. DeJean**
417 W. University Avenue
P.O. Box 4325
Lafayette, La. 70502
337-235-5294 – Telephone
337-235-1095 – Facsimile
kwdejean@kwdejean.com

## CERTIFICATE OF CONFERENCE

Counsel for Defendants and Plaintiffs have conferred regarding the relief sought in this Motion, and Defendants are unopposed to this Motion.

*/s/ Richard M. Schreiber*
Richard M. Schreiber

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been served by ECF electronic filing on all counsel of record pursuant to Federal Rule of Civil Procedure 5, on May 23, to all counsel of record.

*/s/ Richard M. Schreiber*
Richard M. Schreiber